UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SYDNEY E. SMITH | : | |
| | : | |
| Petitioner, | : | Civil Action No.: 19-1763 (RC) |
| | : | |
| v. | : | Re Document Nos.: 8, 9, 11, 12 |
| | : | |
| SCOTT FINLEY | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM OPINION

### GRANTING RESPONDENT'S MOTION TO DISMISS

## INTRODUCTION

This case concerns a petition for a writ of habeas corpus filed by Mr. Sydney Smith, who is currently in federal custody at the Schuylkill Federal Correctional Institution in Pennsylvania. Respondent, Mr. Scott Finley (the Warden at Schuylkill, whom the Court will refer to simply as "the government") now moves to dismiss. For the reasons discussed below, the Court will grant the government's motion.[1]

---

[1] Also pending before the Court are Mr. Smith's Motion for Summary Judgment, ECF No. 9, Motion to Strike, ECF No. 11, and Motion to Amend/Correct Motion to Strike, ECF No. 12. Because the Court finds it lacks jurisdiction, Petitioner's motion for summary judgment is denied as moot. The Court grants the motion to amend/correct the motion to strike, but denies the motion to strike itself, which argues that this Court should strike the entirety of the government's motion to dismiss because it was untimely filed. Mot. to Strike at 1–2; Am. Mot. to Strike at 1–2, ECF No. 12-1. In fact, the record indicates that the Defendant's motion was timely filed: the order to show cause was served on Respondent on August 6, 2019, *see* Executed Show Cause Order, ECF No. 7, and the government filed its motion to dismiss twenty-eight days later on September 4, 2019, within the thirty-day period allotted by the show cause order.

# I. PROCEDURAL HISTORY[2]

On November 19, 2001, Mr. Smith was convicted of first-degree murder in D.C. Superior Court. *See* Am. Pet. at 1,[3] ECF No. 3. On February 1, 2002, Judge Retchin sentenced the petitioner to a term of imprisonment of thirty years to life. *Id.* On November 10, 2003, the petitioner, through counsel, filed a motion to vacate his conviction pursuant to D.C. Code § 23-110, the statutory mechanism for collateral review of a conviction. *Id.* The trial court denied the petitioner's § 23-110 motion by order dated April 9, 2004. Def.'s Mot. Dismiss at 3, ECF No. 8. The petitioner filed a timely notice of appeal of that decision on April 28, 2004. *Id.*

The District of Columbia Court of Appeals (DCCA) consolidated the direct appeal of his conviction and the § 23-110 appeal. *See id.* at 3–4; *see also Shepard v. United States*, 533 A.2d 1278, 1280 (D.C. 1987) (noting that "if [a] § 23-110 motion is denied, the appeal from its denial can be consolidated with the direct appeal"). In that appeal, the petitioner argued that the trial court erred when it (1) precluded the petitioner from presenting evidence of third-party perpetrators, and (2) denied his claim alleging ineffective assistance of counsel and a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Am. Pet. at 10–12. On June 26, 2007, the DCCA affirmed the petitioner's conviction, as well as the denial of his § 23-110 motion, in an unpublished decision. Def.'s Mot. Dismiss at 4.

---

[2] As the citations make clear, the procedural history recited here is based on the Petitioner's petitions and uncontested representations in the government's motion to dismiss. *See Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (noting that to determine whether jurisdiction exists, a court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." (citation omitted)).

[3] Because the filings in this case are not consecutively paginated throughout, the Court refers to the ECF page numbers.

Mr. Smith continued filing successive collateral review challenges, to no avail. Am. Pet. at 1–3. Specifically, Petitioner filed three more § 23-110 motions, all of which were denied. *Id.* at 3. On October 6, 2015, the DCCA barred future *pro se* appeal filings by Petitioner. *Id.* Mr. Smith then filed a motion to recall the mandate, the procedure under D.C. law that allows review of an ineffective assistance of appellate counsel claim. *See* Def.'s Mot. Dismiss at 4; *see also Jones v. Holt*, 893 F. Supp. 2d 185, 192 (D.D.C. 2012). On June 8, 2017, the DCCA denied the petitioner's motion to recall the mandate. *See* Def.'s Mot. Dismiss Ex. 2, ECF No. 8-2. On June 11, 2019, Mr. Smith filed a petition styled as a petition for habeas corpus under 28 U.S.C. § 2254. *See* Pet., ECF No. 1. The Court accepted an amended petition shortly thereafter. *See* Min. Order (July 1, 2019).

In this currently pending petition, Mr. Smith argues that his initial collateral review counsel, Mr. Myers, was constitutionally ineffective. Am. Pet. at 8. He claims that Mr. Myers did not adequately explore Smith's claim of ineffective assistance of trial counsel, specifically because Mr. Myers did not respond to a particular motion by the government during the collateral review proceedings or explore related misconduct by Mr. Smith's trial counsel, Mr. Clennon. *Id.* at 10. Specifically, Mr. Smith claims that he was "denied the collateral review process and his Six Amendment Right" because of a "fraudulent affidavit from attorney Clennon" and "due to ineffective assistance of [his] Collateral Review Counsel." *Id.* The government now moves to dismiss the petition for lack of subject matter jurisdiction. *See* Mot. Dismiss at 5, ECF No. 8.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

3

377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). It is the plaintiff's burden to establish that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

### III. ANALYSIS

In support of its motion to dismiss, the government contends that "the District Court has no jurisdiction over the portion of a § 2254 claim that alleges ineffectiveness of counsel for work on a collateral attack under § 23-110." Mot. Dismiss at 5, ECF No. 8 (citing *Williams v. Martinez*, 586 F.3d 995 (D.C. Cir. 2009)). It asserts that the District Court only has jurisdiction under § 2254 when a a D.C. Superior Court prisoner claims that appellate counsel was constitutionally ineffective in a direct appeal. *Id*. Here, since Smith's claims only relate to his collateral attack counsel, the government claims that this Court lacks jurisdiction over this § 2254 petition and must dismiss it. *Id*.

As a general rule, District of Columbia prisoners, such as the Petitioner, are normally foreclosed from federal court review of their D.C. Superior Court convictions. That is largely because D.C. Code § 23-110, which provides a post-conviction remedy for D.C. prisoners, specifically "gives the superior court exclusive jurisdiction of virtually all collateral challenges." *Head v. Wilson*, 792 F.3d 102, 104 (D.C. Cir. 2015). The only statutory exemption is found in § 23-110(g), which provides that a D.C. prisoner may seek a federal writ of habeas corpus if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see also Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (per curiam) ("[A] District of Columbia prisoner has no recourse to a federal judicial

4

forum unless the local remedy [i.e., § 23-110] is 'inadequate or ineffective to test the legality of his detention,'" quoting D.C. Code § 23-110(g)).

Another limited route to federal judicial review was recognized in *Williams v. Martinez*, which confirmed that a District of Columbia prisoner may raise a federal ineffective assistance of appellate counsel claim after filing a motion in the District of Columbia Court of Appeals to recall the mandate.[4] *See Williams*, 586 F.3d at 999 ("Because the D.C. Court of Appeals has held that challenges to the effectiveness of appellate counsel may not be brought pursuant to § 23-110, but must instead be raised through a motion to recall the mandate in that court, we hold that § 23-110 does not deprive federal courts of jurisdiction over habeas petitions alleging ineffective assistance of appellate counsel.").

Thus, to summarize: this Court has jurisdiction under two scenarios: (1) the petitioner alleges that § 23-110 remedy is ineffective or inadequate, or (2) petitioner is alleging an ineffective assistance of appellate counsel claim. For the reasons explained below, Mr. Smith's petition falls within neither exception.

## IV. ANALYSIS

First, Mr. Smith does not directly challenge the effectiveness of his § 23-110 remedy. And even if he had, it likely would be unsuccessful. Only when a claim "falls outside [§ 23–110's] scope" do questions arise about the effectiveness of the local remedy, *Martinez*, 586 F.3d at 1000, and a claim predicated on trial counsel's ineffectiveness—like Mr. Smith's original claim—"falls squarely within the scope of section 23-110(a)." *Whoie v. Warden, Butner Fed. Medical Ctr.*, 891 F. Supp. 2d 2, 3 (D.D.C. 2012). Additionally, Mr. Smith's lack of success in

---

[4] A motion to recall the mandate, filed in the District of Columbia Court of Appeals, is the exclusive means by which a District of Columbia defendant may raise a claim of ineffective assistance of appellate counsel. *Jones v. Holt*, 893 F. Supp. 2d 185, 192 (D.D.C. 2012).

the local courts does not mean that his previously invoked local remedy was inadequate or ineffective to test the legality of his detention. *See Plummer v. Fenty*, 321 F. App'x. 7, 8 (D.C. Cir. 2009) ("The § 23-110 remedy, however, is not considered inadequate or ineffective simply because the requested relief has been denied." (citation omitted)); *Hatch v. Jett*, 847 F. Supp. 2d 88, 92 (D.D.C. 2012) (noting it is "well-established that the mere denial of relief by the local courts does not render the local remedy inadequate or ineffective"). Without a more specific indication of why his § 23–110 remedy was ineffective or inadequate, this Court cannot exercise jurisdiction over Mr. Smith's claim.

Second, although this Court has jurisdiction to hear ineffective assistance of appellate counsel claims under *Williams*, thereby entitling Mr. Smith to "get a second bite at the apple in federal court," *Williams*, 586 F.3d at 1000, Petitioner has made clear he is challenging the effectiveness of his collateral review counsel in his § 23-110 proceeding and not his appellate counsel on direct appeal. *See* Am. Pet. at 2, ECF No. 3 ("Smith was denied the effective assistance of *Collateral Review Counsel*") (emphasis added). This is so, even in light of the fact that his initial collateral review proceeding and his direct appeal proceedings were consolidated. *See* Def.'s Mot. Dismiss at 4.

In his petition, Mr. Smith primarily relies on the Supreme Court's *Martinez/Trevino* line of cases, which, under certain circumstances, allow federal review of procedurally barred collateral review claims. *See generally Trevino v. Thaler*, 569 U.S. 413 (2013); *Martinez v. Ryan*, 566 U.S. 1 (2012). But those cases—to the extent they are applicable at all[5]—do not

---

[5] Here, it is unclear if there is a specific claim that was procedurally barred or defaulted due to the performance of Mr. Smith's collateral review counsel. Mr. Smith's initial collateral review petition—which raised the claim of ineffective assistance of trial counsel claims— was reviewed and decided, and his subsequent petitions were procedurally barred as second or successive motions. *See* Am. Pet. at 3.

apply to the District of Columbia system.  In *Martinez*, upon which petitioner relies, the Supreme Court determined that where a state's collateral proceedings "provide the first occasion to raise a claim of ineffective assistance at trial," a prisoner has a constitutional right to the effective assistance of counsel during the collateral proceeding.  566 U.S. at 8.  As a result, a prisoner may overcome a procedurally defaulted claim of constitutional error by showing that his post-conviction counsel was ineffective.  *Id.* at 8–10 ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."). *Trevino* widens that exception to state court procedures that "make[] it virtually impossible for appellate counsel to adequately present an ineffective assistance [of trial counsel] claim on direct review."  *Trevino*, 569 U.S. at 413, 423 (quotations omitted).

Even though Petitioner claims that he was denied "his Six Amendment right" due to the inadequacy of his collateral review counsel, Am. Pet. at 2, we still find the *Martinez/Trevino* cases unavailable to him, because the District of Columbia review scheme is "not so constrained" as those in *Martinez/Trevino*.  *Johnson v. Wilson*, 72 F. Supp. 3d 327, 329 (D.D.C. 2014) (quoting *Richardson v. United States*, 999 F. Supp. 2d 44, 49 (D.D.C. 2013)).  The § 23-110 remedy was not the first occasion to raise a claim of ineffective assistance at trial, because petitioner may make that claim on a direct appeal.  If the appellate counsel was so inadequate to not effectively make that claim on direct appeal, as petitioner argues here, then he may seek review of appellate counsel in a federal court, as stated above.  This means that petitioner is not legally or practically barred from having his ineffective assistance of trial counsel claim heard, as was the case in *Martinez/Trevino*.  *See Johnson*, 72 F. Supp. 3d at 329–30 ("*Martinez* applies only where state procedural law said that claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding") (internal quotations omitted); *Richardson*, 999

7

F. Supp. 2d at 48–49 (holding that if state procedural law forces claims of ineffective assistance of trial counsel to be raised in an initial collateral proceeding *Martinez* applies, but that in "the District of Columbia, petitioner is not so constrained. Petitioner could raise—and actually did raise—ineffective assistance of trial counsel claims on direct appeal."). Therefore, Mr. Smith's procedurally barred claims—if any—cannot be heard by this court.

## V. CONCLUSION

For the foregoing reasons, the government's motion to dismiss petitioner's motion is **GRANTED** and petitioner's motion for summary judgment is **DENIED** as moot. Furthermore, petitioner's motion to amend/correct his motion to strike is **GRANTED**, but the motion to strike itself is **DENIED.** An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: March 30, 2020                                     RUDOLPH CONTRERAS
                                                          United States District Judge