**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SYDNEY E. SMITH,                         :
                                         :
        Petitioner,                      :        Civil Action No.:        19-1763 (RC)
                                         :
v.                                       :        Re Document Nos.:   17, 18, 19, 23
                                         :
SCOTT FINLEY,                            :
                                         :
        Respondent.                      :

<u>**MEMORANDUM OPINION**</u>

**DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT;**
**GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND PLEADING;**
**GRANTING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY;**
**GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

## I.  INTRODUCTION

On March 30, 2020, this Court granted Respondent Scott Finley's motion to dismiss

Petitioner Sydney E. Smith's "Petition for a Writ of Habeas Corpus."  *See* Mem. Op. ("MTD

Mem. Op."), ECF No. 14.  Petitioner now moves under Federal Rule of Civil Procedure 59(e) to

ask this Court to alter or amend that decision.  *See* Mot. Alter or Amend J. ("Mot. Amend"), ECF

No. 17.  Petitioner also requests that this Court grant his application for a certificate of

appealability pursuant to 28 U.S.C. § 2253(c) and moves for leave to proceed on appeal in forma

pauperis.  *See* Mot. Cert. of Appeal, ECF No. 18; Mot. for Leave, ECF No. 23.  For the reasons

discussed below, the Court will deny Mr. Smith's motion to alter or amend judgment but grant

Mr. Smith's requests for a certificate of appealability and to proceed in forma pauperis.[1]

---

[1] Petitioner also moves for leave to amend his pleading, ECF No. 19, which the Court
will grant for the reasons explained below.

1

## II.  FACTUAL BACKGROUND

On November 19, 2001, Mr. Smith was convicted of first-degree murder in D.C. Superior Court.  *See* Am. Pet. at 1,[2] ECF No. 3.  On February 1, 2002, Judge Retchin sentenced Mr. Smith to a term of imprisonment of thirty years to life.  *Id.*  On November 10, 2003, Mr. Smith, through counsel, filed a motion to vacate his conviction pursuant to D.C. Code § 23-110, the statutory mechanism for collateral review of a conviction in the District of Columbia.  *Id.*  The trial court denied Mr. Smith's § 23-110 motion by an order dated April 9, 2004.  Mot. Dismiss at 3, ECF No. 8.  Mr. Smith filed a timely notice of appeal of that decision on April 28, 2004.  *Id.*  The District of Columbia Court of Appeals (DCCA) consolidated the direct appeal of his conviction and the § 23-110 appeal.  *See id.* at 3–4; *see also Shepard v. United States*, 533 A.2d 1278, 1280 (D.C. 1987) (noting that "if [a] § 23-110 motion is denied, the appeal from its denial can be consolidated with the direct appeal").  Mr. Smith continued filing successive collateral review challenges, to no avail.  Am. Pet. at 1–3.

On June 11, 2019, Mr. Smith, proceeding *pro se*, made a filing styled as a petition for habeas corpus under 28 U.S.C. § 2254.  *See* Pet., ECF No. 1.  In an amended petition, Mr. Smith argued that his initial collateral review counsel, Mr. Myers, was constitutionally ineffective. Am. Pet. at 8.  He claimed that Mr. Myers did not adequately explore his claim of ineffective assistance of trial counsel ("IATC"), specifically because Mr. Myers did not respond to a particular motion by the government during the collateral review proceedings or explore related alleged misconduct by Mr. Smith's trial counsel, Mr. Clennon.  *Id.* at 10.

---

[2] Because the filings in this case are not consecutively paginated throughout, the Court refers to the ECF page numbers.

In an opinion issued on March 30, 2020, this Court dismissed Mr. Smith's habeas petition for lack of subject matter jurisdiction. *See generally* MTD Mem. Op. The Court first noted that, generally, a federal court in this district only has jurisdiction under § 2254 when a D.C. Superior Court prisoner claims that *appellate* counsel was constitutionally ineffective in a *direct* appeal, *i.e.*, not for claims brought under § 23-110. *See Williams v. Martinez*, 586 F.3d 995 (D.C. Cir. 2009). Mr. Smith's claims had no apparent relation to the conduct of his counsel on direct appeal. *See* Mot. Dismiss at 5; Am. Pet. at 10. The Court also identified two other potential avenues that might provide jurisdiction. The first is contained in § 23-110(g), which provides that a D.C. prisoner may seek a federal writ of habeas corpus if it "appears that the remedy by motion [under § 23-110] is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g). The second was the Supreme Court's *Martinez/Trevino* line of cases, which under certain circumstances, allows federal review of procedurally barred collateral review claims. *See generally Trevino v. Thaler*, 569 U.S. 413 (2013); *Martinez v. Ryan*, 566 U.S. 1 (2012). Notably, *Trevino* widens the exception espoused by *Martinez* to state court systems that do "not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 569 U.S. at 428. This Court explained, however, that both of these exceptions appeared unavailing to Mr. Smith. First, Mr. Smith had not explained why his § 23-110 remedy was inadequate or ineffective. *See* MTD Mem. Op. at 3. Second, the Court concluded, consistent with earlier decisions, that the District of Columbia review scheme is "not so constrained" as those in *Martinez/Trevino*. *See id.* at 7 (quoting *Richardson v. United States*, 999 F. Supp. 2d 44, 49 (D.D.C. 2013)). Accordingly, Mr. Smith's claims could not be heard by this Court.

Mr. Smith disagrees with this analysis, and now moves to alter or amend the Court's

March 30, 2020 dismissal of the action.  *See* Mot. Amend.  He also applies for a certificate of

appealability under 28 U.S.C. § 2253(c), *see* Mot. Cert. of Appeal, which requires that a

petitioner make a "substantial showing of the denial of a constitutional right,"  28 U.S.C. §

2253(c)(2).

### III.     MOTION TO ALTER OR AMEND JUDGMENT

#### A.  Legal Standard

Rule 59(e) permits a party to file a motion to "alter or amend a judgment" within 28 days

of the entry of that judgment.  Fed. R. Civ. Pro. 59(e).  Rule 59(e) motions are "disfavored and

relief from judgment is granted only when the moving party establishes extraordinary

circumstances."  *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)

(quoting *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)).  A court may grant a

motion to amend or alter a judgment only: "'(1) if there is an 'intervening change of controlling

law'; (2) if new evidence becomes available; or (3) if the judgment should be amended in order

to 'correct a clear error or prevent manifest injustice.'"  *Leidos, Inc. v. Hellenic Republic*, 881

F.3d 213, 217 (D.C. Cir. 2018) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir.

1996)); *see also Solomon v. Univ. of S. Cal.*, 255 F.R.D. 303, 304 (D.D.C. 2009).  Relief under

Rule 59(e) is not appropriate when the moving party seeks to "relitigate old matters, or to raise

arguments or present evidence that could have been raised prior to the entry of judgment."

*Niedermeier*, 153 F. Supp. 2d at 28 (citation and internal quotation marks omitted); *see*

*also Turner v. U.S. Capitol Police*, No. 12-45, 2014 WL 169871, at *1 (D.D.C. Jan. 16, 2014).

The party seeking reconsideration bears the burden of establishing that relief is warranted.  *Elec.*

*Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 226 (D.D.C. 2011).

## B.  Analysis

Petitioner moves to alter or amend this Court's March 30, 2020 judgment pursuant to Rule 59(e).  *See* Mot. Amend.  As best the Court can discern, Mr. Smith's motion raises several arguments concerning Respondent's reliance on *Williams*, 586 F.3d at 995, and the standard for dismissal under Rule 12(b).  *Id.* at 4.  For the reasons set forth below, Mr. Smith fails to establish that he is entitled to relief under Rule 59(e) or other avenues for seeking reconsideration of judicial decisions.

As a preliminary matter, this Court must address the timeliness of Petitioner's Rule 59(e) motion.[3]  Under Rule 59(e), a motion is only timely if it is filed within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e).  A motion for reconsideration filed outside the 28-day window provided by Rule 59(e) is typically viewed as a Rule 60(b) motion.  *See McMillian v. District of Columbia*, 233 F.R.D. 179, 179–80 n. 1 (D.D.C. 2005) (holding that motions for reconsideration filed within Rule 59(e)'s time limit are treated as Rule 59(e) motions, while those filed outside it are treated as motions under Rule 60(b));[4] *Computer Professionals for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996).  It appears from Mr. Smith's attached certificate

---

[3] Mr. Smith also moves for leave to amend his 59(e) motion, presumably under Federal Rule of Civil Procedure 15(a)(2).  *See* Mot. Amend Pleading, ECF No. 19.  Though his 15(a)(2) motion is not drafted with perfect clarity, Smith appears to use it as a means to justify any delay in receipt of his 59(e) motion. *See id.* at 1–2.  Petitioner asserts that he did not receive a complete copy of this Court's March 30, 2020 Order until April 4, 2020.  *See* Mot. Amend Pleading at 1.  Mr. Smith also cites FCI Schuylkill's modified operations under Covid-19 as additional grounds for delay.  *See id.* at 2, 4.  To the extent the motion to amend seeks to introduce these additional arguments regarding timeliness, it is granted. As the Court explains below, whether Mr. Smith's 59(e) motion is timely or not does not alter the outcome here.

[4] Rule 60(b) motions allow a party to seek relief from a final judgment "within a reasonable time" after entry of the judgment, but only for specified reasons.  *See* Fed.R.Civ.P. 60(b).  These reasons include among other things, "mistake, inadvertence, surprise, or excusable neglect," *id.* at (60)(b)(1), "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," *id.* at (60)(b)(2), and "any other reason that justifies relief," *id.* at 60(b)(6).

of service that he placed a copy of his Rule 59(e) motion in the FCI Schuylkill mail system on April 29, 2020. *See* Mot. Amend at 5. Accepting April 29, 2020 as the filing date,[5] the date would seem to fall more than 28 days after entry of the Court's March 30, 2020 judgment, meaning that Petitioner's motion should be treated as one under Rule 60. Ultimately, however, "this Court need not determine under which Rule [Mr. Smith's] motion was brought or should be considered, however, because as explained below, the Court finds that [Mr. Smith's] motion should be denied regardless of whether it is treated as a motion for reconsideration pursuant to Rule 54(b), 59(e), or 60(b)." *Ali v. Carnegie Inst. of Washington*, 309 F.R.D. 77, 82 (D.D.C. 2015), *aff'd*, 684 F. App'x 985 (Fed. Cir. 2017).

Indeed, Mr. Smith fails to raise any "intervening change of controlling law," allege any new evidence, or establish any clear error in the Court's prior ruling as required under Rule 59(e). Fed. R. Civ. P. 59(e); *see Firestone*, 76 F.3d at 1208. Mr. Smith also fails to allege fraud or any other reason that would justify relief under Rule 60(b). *See* Fed. R. Civ. P. 60(b). Instead, Mr. Smith appears to challenge Respondent's reliance on *Williams* and this Court's application of Rule 12(b) in dismissing his habeas petition. 586 F.3d at 995. Mr. Smith states that *Williams* "deal[s] with a constitutional right, [and] *Martinez* argue[s] a[n] equitable right;" and, *Williams* "speaks to [a] direct appeal which is brough[t] in the appella[te] court, whereas *Martinez* speaks to collateral appeal which is brough[t] i[n] the trial court." Mot. Amend at 4; *see Williams* 586 F.3d at 995; *Martinez*, 566 U.S. at 16.

However, to the extent that Respondent's reliance on *Williams* was misplaced, *Williams* alone did not inform this Court's decision to dismiss Smith's action. The Court has an

---

[5] Under the "mailbox rule," the operative filing date for a *pro se* prisoner litigant is "that on which petitioner placed his motion in the prison mail system to be sent to the Court." *Davis v. Cross*, 825 F. Supp. 2d 200, 201 (D.D.C. 2011).

independent duty to "to determine whether subject-matter jurisdiction exists, *even in the absence of a challenge from any party.*"  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (emphasis added).  Accordingly, Mr. Smith's motion for reconsideration cannot be granted on these grounds.  Mr. Smith also quotes *Am. Nat. Ins. Co. v. F.D.I.C.*, which states that when "considering a motion to dismiss under Rule 12(b)(1) for lack of jurisdiction, the court must accept as true all uncontroverted material factual allegations contained in the complaint and 'construe the complaint liberally[.]'"  642 F.3d 1137, 1139 (D.C. Cir. 2011); *see* Mot. Amend at 4.  Mr. Smith claims that because Respondent "has not denied any material factual allegation[s]" contained in his complaint, the Court must accept all facts alleged by him as true.  Mot. Amend at 4.  But the Court accepted all of Mr. Smith's allegations as true and assumed, for the purpose of the motion, that his counsel in state collateral review proceedings was ineffective.[6] Nonetheless, as explained in this Court's opinion, even under the facts alleged, the Court does not have jurisdiction over a habeas petition challenging the adequacy of Mr. Smith's collateral review counsel.  *See* MTD Mem. Op at 5–8; *see also Williams*, 586 F.3d at 1001 (noting that a prisoner "lack[s] a constitutional entitlement to effective assistance of counsel in state collateral proceedings").  This Court likewise lacks jurisdiction over any claims Mr. Smith might be attempting to raise concerning the IATC because such claims could have been brought on direct appeal of the criminal case.  *See Martinez*, 566 U.S. at 17; *see also* MTD Mem. Op at 7.  Thus, the Court remains convinced it lacks jurisdiction over his petition.

---

[6] Mr. Smith, in his habeas petition, states that he was "denied access to the court, due process, and equal protection of the law by the state court accepting a fraudulent motion and affidavit from the government and ineffective assistance of collateral review counsel."  *See* Am. Pet. at 6.  Accordingly, he contests the "integrity of his Initial Collateral Review proceeding" and, thus, the "correctness" of the collateral review court's ruling.  *Id.* at 9.

Because Mr. Smith fails to identify any proper basis for reconsideration under any standard, his motion to amend this Court's March 30, 2020 decision is denied.

## IV.  MOTION FOR CERTIFICATE OF APPEALABILITY

### A.  Legal Standard

A "prisoner seeking an appeal from a decision on a petition for habeas corpus and whose detention arose from state court proceedings must first seek a certificate of appealability from a circuit justice or judge" pursuant to 28 U.S.C. § 2253(c).  *Baisey v. Stansberry*, 777 F. Supp. 2d 1, 4 (D.D.C. 2011); *see also Slack v. McDaniel*, 529 U.S. 473 (2000) (explaining that a petitioner's right to appeal an order denying habeas relief is "governed by the requirements [] found at § 2253(c)").

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A "substantial showing" includes "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack*, 529 U.S. at 483–84 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983)).  If the certificate is granted, the court must specify which issues raise such a substantial showing.  *United States v. Weaver*, 195 F.3d 52, 53 (D.C. Cir. 1999).  In instances where a court denies a habeas petition on procedural grounds "without reaching any underlying constitutional claims," a "certificate of appealability 'should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Baisey*, 777 F. Supp. 2d at 5.

## B.  Analysis

Mr. Smith asserts several grounds for issuance of a certificate of appealability.  First, he asserts that a "reasonable jurist could debate whether the government responded to [his] complaint, whether the government responded to [his] habeas corpus, and whether that response was timely."  Mot. Cert. of Appeal at 3.  He also states that a "reasonable jurist" could debate whether the "underlying infective assistance of trial counsel claims are 'substantial' and such prisoners can establish that their post-conviction counsel was ineffective under the *Strickland* standard."  *Id.*  Generally, he contends that this Court has jurisdiction over his IATC claim because his initial collateral review counsel was ineffective during collateral review proceedings. *Id.*

As noted previously, the Court does not see any conceivable merit in Mr. Smith's procedural arguments regarding timeliness or waiver relating to Respondent's conduct in this litigation. [7]  But, as Mr. Smith's references to *Martinez* or *Trevino* indicate, there is a potential argument that Mr. Smith's underlying IATC should not be procedurally barred.  As mentioned, his main objection appears to be that he was never able to fully explore the IATC claim because his collateral review counsel was ineffective in raising that argument and his further attempts to litigate the issue were barred as successive petitions.

Although a prisoner "lack[s] a constitutional entitlement to effective assistance of counsel in state collateral proceedings," *Williams*, 586 F.3d at 1001, *Trevino* holds that when a state system, whether by design or operation, deprives defendants of a "meaningful opportunity" to

---

[7] The record indicates that the Respondent's motion was timely filed: the order to show cause was served on Respondent on August 6, 2019, *see* Executed Show Cause Order, ECF No. 7, and the government filed its motion to dismiss twenty-eight days later on September 4, 2019, within the thirty-day period allotted by the show cause order.

raise an IATC on direct review, a federal court should not be barred from considering that IATC claim if counsel in the collateral review proceeding was absent or ineffective, 569 U.S. at 428. As explained in this Court's memorandum opinion and reiterated above, the Court is not convinced that *Martinez/Trevino* are relevant to the District of Columbia's review scheme, which allows IATC claims to be raised on direct review.  *See* Mem. Op. at 7–8; *see also Richardson*, 999 F. Supp. 2d at 49 (determining that the D.C. systems "is not so constrained" as those implicated by *Martinez*/*Trevino*, because a petitioner "could raise—and actually did raise— ineffective assistance of trial claims on direct appeal").  But *Trevino* appears to contemplate a sensitive, fact-bound analysis of the actual operation of a state's appeal and post-conviction system.  569 U.S. at 418 (indicating that the question is whether the "procedural system—*as a matter of its structure, design, and operation*—does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal") (emphasis added).  The fact that state law technically permits a petitioner to raise IATC claims on direct review is not automatically determinative.  *See id.* at 417 (noting that the Texas system at issue "appears at first glance to permit (but not require) the defendant initially to raise a claim of ineffective assistance of trial counsel on direct appeal").  Indeed, the D.C. Court of Appeals has noted that, because a direct appeal is limited to evidence in the trial record, "[i]neffective assistance of counsel is the type of serious defect which is typically not correctable on direct appeal and is therefore an appropriate ground for a collateral attack."  *Ramsey v. United States*, 569 A.2d 142, 146 (D.C. 1990) (citing *Proctor v. United States*, 381 A.2d 249, 252 (D.C.1977); *Angarano v. United States*, 329 A.2d 453, 457–58 (D.C. 1974) (en banc)); *see also Trevino*, 569 U.S. at 428 (noting that "practical considerations, such as the need for a new lawyer, the need to

expand the trial court record, and the need for sufficient time to develop the claim, argue strongly for initial consideration of the claim during collateral, rather than on direct, review").

For these reasons, and because the Circuit does not appear to have directly addressed the issue, the Court concludes that jurists of reason would (or could) find it debatable whether the Court was correct in its procedural ruling that the D.C. system is "not so constrained" as the one at issue in *Trevino*.  Accordingly, the Court will grant Mr. Smith's request for a certificate of appealability.  In light of the seriousness of the underlying issue, Mr. Smith deserves a chance to at least present this argument.  *See Martinez*, 566 U.S. at 1 ("A prisoner's inability to present an ineffective-assistance claim is of particular concern because the right to effective trial counsel is a bedrock principle in this Nation's justice system.").  Given the issuance of a certificate of appealability and Mr. Smith's uncontested representations of his financial status, his motion for leave to proceed in forma pauperis, ECF No. 23, is also granted.

## V.  CONCLUSION

For the foregoing reasons, Mr. Smith's motion to alter or amend judgment (ECF No. 17) is **DENIED**, Mr. Smith's motion for leave to amend a pleading (ECF No. 19) is **GRANTED**, Mr. Smith's motion for certificate of appealability (ECF No. 18) is **GRANTED**, and Mr. Smith's motion for leave to proceed on appeal in forma pauperis (ECF No. 23) is **GRANTED**.

An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  September 3, 2020                                        RUDOLPH CONTRERAS
                                                                United States District Judge